IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------------X
IDALINA MIRABALLES,

                            Plaintiff,

-against-

OAK STREET HEALTH MSO, LLC d/b/a OAK STREET HEALTH; CLAUDIA STROM (In Her Individual and Official Capacity); AMANDA HYDE (In Her Individual and Official Capacity); BRANDON HOLLER (In His Individual and Official Capacity)

                            Defendants.
---------------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

Plaintiff, Idalina Miraballes, as and for her Complaint against the above Defendants respectfully states upon information and belief as follows:

## NATURE OF THE ACTION

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), 42 U.S.C. §1981, and to remedy violations of the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, et. seq. ("PHRA") and seeks damages to redress the injuries Plaintiff has suffered as a result of being Discriminated against, and Retaliated against, by his employer solely due to her Age, and in retaliation in an effort to corroborate Defendant's reason for Plaintiff's termination.

## PARTIES

2. Plaintiff, IDALINA MIRABALLES (hereinafter also referred to as "Plaintiff") is an individual, female who is a resident of the Commonwealth of Pennsylvania.

3. At all times material, Plaintiff was seventy-one (71) years old. Her date of birth is February 14, 1948.

4. At all times material, Defendant Oak Street Health MSO, LLC d/b/a Oak Street Health (hereinafter referred to as "Defendant Oak Street") is a foreign for-profit limited liability corporation headquartered at 30 W Monroe Street, Suite 1200, Chicago, IL 60603.

5. At all times material, Defendant Oak Street owned and operated Respondent Oak Street Health (hereinafter "Defendant Oak Street") located at 3621 Aramingo Avenue, Philadelphia, PA 19134.

6. At all times material, Defendant Claudia Strom (hereinafter "Defendant Strom") was and upon information and belief remains an employee of Defendant Oak Street as a supervisor and at all times relevant held supervisory authority over Plaintiff.

7. At all times material, Defendant Amanda Hyde (hereinafter "Defendant Hyde") was upon information and belief remains an employee of Defendant Oak Street as a Human Resources Manager and at all times relevant held supervisory authority over Plaintiff.

8. At all times material, Defendant Brandon Holler (hereinafter "Defendant Holler") was and upon information and belief remains an employee of Defendant Oak Street, as a Vice President and at all times relevant held supervisory authority over Plaintiff.

9. At all times material, Defendants were the joint employers of Plaintiff.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10. Around December 9, 2019, Plaintiff timely filed a charge of retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations

Commission ("PHRC") alleging violations of the Title VII and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 ("PHRA").

11. Plaintiff by and through her attorney requested, on both her Charge of Discrimination Cover Sheet as well as in the body of her submission of the Charge, that her Charge be simultaneously filed with the PHRC and "any other State or local agency with whom [the EEOC has] a work sharing agreement."

12. The acts of employment discrimination referenced in Plaintiff's charges of discrimination were committed by the following parties: (1) Oak Street Health MSL, LLC d/b/a Oak Street Health (2) Oak Street (3) Claudia Strom (4) Amanda Hyde and (5) Brandon Holler.

13. Around March 18, 2020, the EEOC issued Plaintiff's Notice of Right to Sue Within 90 Days.

14. This action is being commenced within (90) days of Plaintiff receiving the Notice of Right to Sue.

15. Plaintiff has complied with all administrative prerequisites to bring the Federal Causes of Action in this lawsuit.

16. Plaintiff's PHRA claims are still pending before the PHRC because less than one year has elapsed since PHRC assumed jurisdiction over Plaintiff's Charge.

17. Plaintiff's PFPO claims are still pending before the PCHR because less than one year has elapsed since PCHR assumed jurisdiction over Plaintiff's Charge.

18. Plaintiff will seek leave to amend this complaint to assert her PHRA and PFPO claims against the parties referenced in ¶ 14 above. See Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleading), and 15(d) (Plaintiff may "serve a supplemental pleading

setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

## JURISDICTION AND VENUE

19. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1331 because it involves questions under federal law under Title VII and 42 U.S.C. §1981.

20. Venue is this judicial district is roper pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in Philadelphia County within the Eastern District of Pennsylvania, and Defendants are subjected to personal jurisdiction here.

## MATERIAL FACTS

21. On or around October 14, 2018, Plaintiff was hired as an Outreach Associate at Defendant Oak Street.

22. Around July 2019, Plaintiff's coworker, Jacqueline Perez, showed Plaintiff, as well as the Senior Outreach Associate, Rene Rincon, a picture of herself with a machine gun.

23. Upon information and belief, the promotion was also offered to individual; Jacqueline, Perez is under the age of forty.

24. Upon information and belief, Defendants conducted no investigation or take any action related to Jacqueline Perez sharing pictures of herself with a gun.

25. Around September of 2019, Plaintiff was offered a $10,000 promotion.

26. Upon information and belief, the promotion was offered to Plaintiff and Jacqueline Perez because Defendants anticipated Plaintiff would turn the position down due to her age.

27. Upon information and belief, Defendants did not want Plaintiff to fill the position because of her age and belief that she was too old.

28. Around September 2019, Plaintiff was asked to give a presentation to senior management on all insurance companies in the area.

29. Around October 4 2019, Defendant Holler met Plaintiff's sister, Marisola Rosado, who was a patient at Defendant Oak Street.

30. Defendant Holler praised Plaintiff's work to Ms. Rosado.

31. Around October 8, 2019, at around 8 AM, Plaintiff received a call from Defendant Strom.

32. Defendant Strom informed Plaintiff that a colleague has reported that Plaintiff had made threats and Defendants were investigating claims.

33. Plaintiff requested more information, however, Defendant Strom refused to provide Plaintiff with additional information.

34. Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

35. Around Wednesday, October 9, 2019, Plaintiff reached out to Defendant Strom and Rene Rincon, to get an update regarding the accusations made against her.

36. Around October 9, 2019, around 5:40 PM, Defendant Hyde informed Plaintiff that she was still suspended pending the outcome of the investigation.

37. Around Thursday, October 10, 2019, Plaintiff received a call from Defendant Hyde who informed Plaintiff that she would "explain tomorrow."

38. Around Friday, October 11, 2019, Defendant Strom called Plaintiff at approximately 8 AM and told Plaintiff that Defendants would call her around 4:30 PM to let her know the outcome of the "investigation."

39. On October 11, 2019, around 4:30 PM, Defendant Strom called Plaintiff. Defendants Hyde and Holler were conferenced in.

40. Defendant Strom told Plaintiff, "[t]hank you from the bottom of our hearts for your passion. Chicago is giving orders that you cannot come to the clinic and get your stuff."

41. Defendants informed Plaintiff that the termination was because of accusations made in July that she had threatened to bring a gun into work.

42. Upon information and belief, this was a pretextual reason for Plaintiff's termination.

43. Upon information and belief, Plaintiff was terminated because of her age.

44. By way of example and by no means an exhaustive list, is was only around fifteen (15) minutes prior to Plaintiff's termination that Defendant Hyde made a police report.

45. Upon information and belief, this report was made to corroborate Defendant Oak Street's pretextual reason for Plaintiff's termination.

46. That as a result of Defendants' conduct, the Plaintiff was caused to sustain serious and permanent personal injuries, including but not limited to permanent psychological injuries.

47. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

48. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of wages, bonuses and benefits.

49. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

50. Plaintiff has further experienced emotional and physical distress.

51. Plaintiff further claims aggravation, activation and/or exacerbation of any preexisting condition.

52. Plaintiff claims that Defendants unlawfully discriminated against and terminated Plaintiff because of her age and because she complained of and opposed the unlawful conduct of Defendants related to the above protected class.

53. Plaintiff claims constructive and/or actual discharge and seeks reinstatement.

54. The above are just some examples of some of the instances of unlawful discrimination and retaliation to which Defendant subjected Plaintiff on a continuous and on-going basis throughout Plaintiff's employment.

55. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

56. Plaintiff claims alternatively that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.  Furthermore, in such case, Plaintiff to prevent the harassment, discrimination, and retaliation and liable therefore for negligence.

57. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

## COUNT I
## DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")
(Against Defendant Oak Street)

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. Plaintiff can prove discriminatory treatment under the ADEA by the same standard that is used to evaluate discrimination under Title VII, which requires Plaintiff to show (1) she is a member of the protected class; (2) she was qualified for the position; (3) she suffered an

adverse employment action; (4) under circumstances giving rise to an inference of discrimination. <u>Cutler v. Secretary of U.S. Affairs</u>, 507 Fed Appex. 246, 249 (3d Cir. December 20, 2012) citing <u>Brennan v. Metropolitan Opera Ass'n, Inc.</u>, 192 F.3d 310, 316 (2d Cir. September 21, 1999).

60. Defendants engaged in an unlawful discriminatory practice by discriminating and retaliating against Plaintiff because of her age.

61. As a result of Defendants' violation of the ADEA, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunity; harm to her business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, including past and future damages for pay, bonuses, personal days, overtime, benefits, and emotional distress; consequential damages; punitive damages; attorneys' fees; expert witness fees; costs of suit; interest; and all other relief deemed equitable and just.

**COUNT II**
**RETALIATION**
**AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")**
**(Against Defendant Oak Street)**

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. The Age Discrimination in Employment Act of 1966 as amended 29 U. S.C. §623(d) states in relevant part that, "[i]t shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any

individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

64. Defendants retaliated against Plaintiff because he opposed Defendants' unlawful employment practices.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, including past and future damages for pay, bonuses, personal days, overtime, benefits, and emotional distress; consequential damages; punitive damages; attorneys' fees; expert witness fees; costs of suit; interest; and all other relief deemed equitable and just.

**COUNT III
DISCRIMINATION
UNDER STATE LAW
(against all named Defendants)**

65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

66. Plaintiff's PHRA claims are still pending before the PHRC because less than one year has elapsed since PHRC assumed jurisdiction over Plaintiff's Charge.

67. Plaintiff will seek leave to amend this complaint to assert her PHRA claims against the parties referenced in ¶ 26 above. See Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleasing), and 15(d) (Plaintiff may "serve a supplemental pleading setting out

any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

## COUNT IV
## RETALIATION
## UNDER STATE LAW
### (against all named Defendants)

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69. Plaintiff's PHRA claims are still pending before the PHRC because less than one year has elapsed since PHRC assumed jurisdiction over Plaintiff's Charge.

70. Plaintiff will seek leave to amend this complaint to assert her PHRA claims against the parties referenced in ¶ 26 above. See Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleasing), and 15(d) (Plaintiff may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

## COUNT V
## AIDING AND ABETTING
## UNDER STATE LAW
### (against all named Defendants)

71. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

72. Plaintiff's PHRA claims are still pending before the PHRC because less than one year has elapsed since PHRC assumed jurisdiction over Plaintiff's Charge.

73. Plaintiff will seek leave to amend this complaint to assert her PHRA claims against the parties referenced in ¶ 26 above. See Federal R. Civ. P. 159a) (Courts "freely give leave

to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleading), and 15(d) (Plaintiff may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

## COUNT VI
## DISCRIMINATION
## UNDER PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE
### (against all named Defendants)

74. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

75. The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be an unlawful discriminatory practice: "to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment."

76. Plaintiff's PFPO claims are still pending before the PCHR because less than one year has elapsed since PCHR assumed jurisdiction over Plaintiff's Charge.

77. Plaintiff will seek leave to amend this complaint to assert her PFPO claims against the parties referenced in ¶ 26 above. <u>See</u> Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleading), and 15(d) (Plaintiff may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

**COUNT VII**
**RETALIATION**
<u>**UNDER PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**</u>
**(against all named Defendants)**

78. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

79. The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be an unlawful discriminatory practice: "to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment."

80. Plaintiff's PFPO claims are still pending before the PCHR because less than one year has elapsed since PCHR assumed jurisdiction over Plaintiff's Charge.

81. Plaintiff will seek leave to amend this complaint to assert her PFPO claims against the parties referenced in ¶ 26 above. See Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleading), and 15(d) (Plaintiff may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

## COUNT VIII
## AIDING AND ABETTING
## UNDER PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE
### (against all named Defendants)

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

83. The Philadelphia Fair Practices Ordinance § 9-1103(1)(h) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, induce, compel or coerce the doing of any unlawful employment practice or to obstruct or prevent any person from complying with the provisions of this Section or any order issued hereunder or to attempt directly or indirectly to commit any act declared by this Section to be an unlawful employment practice."

84. Plaintiff's PFPO claims are still pending before the PCHR because less than one year has elapsed since PCHR assumed jurisdiction over Plaintiff's Charge.

85. Plaintiff will seek leave to amend this complaint to assert her PFPO claims against the parties referenced in ¶ 26 above. See Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleading), and 15(d) (Plaintiff may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress, back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**

*Attorneys for Plaintiff*

By: *Catherine W. Smith, Esq.*

Catherine W. Smith, Esq.
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
(215) 391-4790
Catherine@dereksmithlaw.com

Date: June 16, 2020