**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IDALINA MIRABALLES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 20-2879** |
| | : | |
| **OAK STREET HEALTH MSO, LLC, *et al.*** | : | |
| | : | |

# MEMORANDUM

**KEARNEY, J.** **September 30, 2020**

Under the Age Discrimination in Employment Act, Congress requires an employer discipline an older health care worker in the comparable manner as a much younger worker when both arguably engage in the same or very similar conduct. Congress also provide the older employer may seek damages if the employer retaliates for the older worker's complaints of disparate discipline so long as the complaints are based on age. We today allow an older worker to proceed on an age discrimination in employment claim after both her and a much younger worker engaged in comparable conduct but the employer terminated her. But she based complaints regarding the disparate discipline on being granted a promotion and not her older age. We must dismiss her retaliation claim without prejudice. We also dismiss her claims for damages for emotional distress as not recognized by Congress. We dismiss state law claims as they are unexhausted.

## I. Alleged Facts[1]

In October 2018, Oak Street Health MSO, a healthcare provider to Medicare enrollees, hired seventy-one year old Idalina Miraballes as an Outreach Associate.[2] Beginning around 2019, Oak Street Health employees began asking Ms. Miraballes "when are you going to retire" and telling her "stop working you are old."[3]

Around July 2019, Ms. Miraballes's coworker, Jacqueline Perez, showed Ms. Miraballes and Rene Rincon, a Senior Outreach Associate, a picture of herself with a machine gun "to cause [Ms. Miraballes and Ms. Rincon] far [*sic*] and discomfort."[4] Oak Street Health "knew about the threat" and "conducted no investigation or took any action" in connection with Ms. Perez "sharing pictures of herself with a gun."[5]  Ms. Perez "is under the age of forty."[6]

Around September 2019, Oak Street Health offered a $10,000 promotion to Ms. Miraballes and Ms. Perez; both Ms. Miraballes and Ms. Perez accepted the promotion.[7]  Oak Street Health had "only one position available," but offered the promotion to both employees because it "anticipated [Ms. Miraballes] would turn the position down due to her age."[8]  Oak Street Health "did not want [Ms. Miraballes] to fill the position because of her age and belief that she was too old."[9]

In early October 2019, Brandon Holler—an Oak Street Health Vice President[10]—praised Ms. Miraballes' work to Ms. Miraballes' sister, an Oak Street Health patient.[11]  Four days after receiving this praise from Vice President Holler, Ms. Miraballes received a call from Supervisor Claudia Strohm.[12]  Supervisor Strohm told Ms. Miraballes a colleague reported Ms. Miraballes as making threats resulting in Oak Street Health "investigating claims."[13]  The threats were not reported until after Ms. Miraballes accepted the promotion "in an effort to 'legitimately' terminate [Ms. Miraballes] because she was 'old.'"[14] Ms. Miraballes, believing Oak Street Health terminated her due to her age, "requested more information" but Supervisor Strohm "refused to provide … additional information."[15] Ms. Miraballes told Supervisor Strohm the "reports were fabricated" and "she felt the reason was because she had accepted the promotion."[16]

Ms. Miraballes contacted Supervisor Strohm the next day "to get an update regarding the accusations made against her."[17]  Later that afternoon, Oak Street Health Human Resources

Manager Amanda Hyde[18] told Ms. Miraballes the company had suspended her.[19] Three days later, Supervisor Strohm, Vice President Holler, and Manager Hyde called Ms. Miraballes.[20] Supervisor Strohm told Ms. Miraballes: "thank you from the bottom of our hearts for your passion. Chicago [Oak Street Health's headquarters] is giving orders that you cannot come to the clinic and get your stuff."[21] Supervisor Strohm, Vice President Holler, and Manager Hyde told Ms. Miraballes her termination "was because of accusations made in July that she had threatened to bring a gun into work."[22]

Around December 9, 2019, Ms. Miraballes filed a Charge with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC), alleging Oak Street Health, Supervisor Strohm, Vice President Holler, and Manager Hyde discriminated against her.[23] Ms. Miraballes requested, both on the Charge cover sheet and in the Charge itself, that the Charge be simultaneously filed with "any other State or local agency with whom [the EEOC has] a work sharing agreement."[24] Around March 18, 2020, the EEOC issued Plaintiff's Notice of Right to Sue within ninety days.[25] Ms. Miraballes's claims under state law are still pending before PHRC and PCHR because "less than one year has elapsed since [PHRC or PCHR] assumed jurisdiction over Plaintiff's Charge."[26]

## II.  Analysis

Seventy-one-year-old Ms. Miraballes brings two separate claims under the Age Discrimination in Employment Act (ADEA) against Oak Street Health: one claim for unlawful discrimination and one claim for unlawful retaliation. Oak Street Health moves to dismiss both ADEA claims.[27] If we find Ms. Miraballes states a claim for discrimination or retaliation under ADEA, Oak Street Health also moves to dismiss certain damages requested by Ms. Miraballes for emotional distress under ADEA.[28] Ms. Miraballes responds she plausibly alleged all claims at

this stage.[29] We find she pleads an age discrimination claim but does not plead a retaliation claim, a right to damages for emotional distress under ADEA or a present basis to proceed on her state law claims as yet unexhausted.

**A. Ms. Miraballes states a claim for age discrimination under ADEA.**

Oak Street Health argues Ms. Miraballes fails to state a cause of action for age discrimination under ADEA.[30] Ms. Miraballes responds she has sufficiently alleged a *prima facie* case of age discrimination through Oak Street's disparate treatment of Ms. Miraballes and Ms. Perez.[31] We agree with Ms. Miraballes.

To state a claim of unlawful discrimination under ADEA, Ms. Miraballes must plead: (1) she is over forty years old, (2) she was qualified for the position she held, (3) she suffered an adverse employment action, and (4) the adverse employment action which occurred gives rise to the inference of intentional discrimination.[32] Oak Street Health does not seem to contest Ms. Miraballes pleads the first three elements.[33] But it insists Ms. Miraballes fails to allege any inference of intentional age discrimination.[34]

"To plausibly allege [an inference of intentional discrimination], the complaint may either: (1) allege that similarly situated employees who . . . were not members of the same protected class . . . were treated more favorably under similar circumstances or (2) allege facts that 'otherwise show[ ] a causal nexus between [the employee's] membership in a protected class and the adverse employment action."[35] To demonstrate that employees are "similarly situated" in the workplace discrimination context, the plaintiff need not allege employees are "identically situated," but must allege that the employees are similar "in relevant respects."[36] Oak Street Health argues Ms. Miraballes fails to plead Ms. Perez is similarly situated for purposes of this analysis.[37] We disagree.

Ms. Miraballes's allegations are akin to those in *Darby v. Temple University*.[38] In *Darby*, Judge O'Neill refused to dismiss a religious discrimination claim where an employee alleged he and the comparator employee of a different religion were accused of threatening coworkers while each worked as a housekeeper.[39] The comparator employee did not face punishment while his employer fired him.[40] Judge Dalzell similarly denied a motion to dismiss an ADEA claim where plaintiff alleged a younger employee "avoided discipline for committing an action, while [plaintiff] was disciplined despite not committing the same action."[41]

Ms. Miraballes alleges Ms. Perez, a younger coworker also promoted, showed Ms. Miraballes and Ms. Rincon a picture of herself with a machine gun to threaten them.[42] Oak Street Health, despite knowing about Ms. Perez's threat, did not investigate or take any action related to Ms. Perez's threat.[43] By comparison, Oak Street Health investigated and terminated Ms. Miraballes because of reports she "threatened to bring a gun into work."[44] Accepting Ms. Miraballes's allegations to be true, there is sufficient evidence of disparate treatment to plausibly allege an inference of age discrimination.

### B. Ms. Mirabelles does not state a claim for retaliation under ADEA against Oak Street Health.

Oak Street Health argues Ms. Miraballes fails to state a claim for retaliation under ADEA.[45] To establish a *prima facie* case of retaliation under ADEA, Ms. Miraballes must allege: (1) she engaged in a protected activity; (2) she was subject to an adverse employment action, either subsequent to, or contemporaneous with, her protected activity; and (3) there is a causal connection between the protected activity and the adverse employment action.[46] Oak Street Health argues Ms. Miraballes fails to allege she engaged in any protected conduct—such as reporting unlawful practices on the basis of age—subsequent to or contemporaneous with her termination.[47] We agree with Oak Street Health.

In determining whether a specific complaint constitutes "protected activity," we look at "the content of the complaint, rather than its form."[48] Protected conduct does not include "mere complaints 'about unfair treatment' that fail to reference 'a protected characteristic as the basis for the unfair treatment.'"[49] For example, Judge Gardner in *Zielinski v. Whitehall Manor* found an employee engaged in protected activity where he wrote a letter to his supervisor stating "if I learn of evidence supporting a claim for age discrimination we will lodge those charges too" because he "specifically mentioned age discrimination."[50] Our Court of Appeals in *Daniels v. School District of Philadelphia* conversely found a teacher failed to allege protected activity under the ADEA where she complained to her principal about being monitored excessively relative to other teachers in the school, as "she fail[ed] to demonstrate that she related her complaints to age or race discrimination."[51]

Ms. Miraballes alleges she spoke to Supervisor Strom to request information about the report of threats and to inform her "the reports were fabricated and she felt the reason was because she had accepted the promotion."[52] Ms. Miraballes fails to allege she explicitly told Supervisor Strom (or anybody else at Oak Street Health) she had been discriminated against because of her age. Without a reference to this protected characteristic, we find Ms. Miraballes fails to allege she engaged in protected conduct under the ADEA. We dismiss her retaliation claim without prejudice.

**C. Ms. Miraballes cannot seek punitive damages or compensatory damages for emotional distress for her claim under the ADEA.**

Oak Street Health argues Ms. Miraballes seeks damages which Congress does not authorize a employee to recover under ADEA, including compensatory damages for emotional distress, consequential damages, and punitive damages.[53] Oak Street Health cites *Rizzotto v. Quad Learning*, a recent decision by Judge Beetlestone dismissing requests for punitive damages and compensatory damages for pain and suffering for an ADEA claim, finding the Act precludes

recovering these damages.[54] Judge Beetlestone's reasoning in *Rizzotto* is consistent with precedent rejecting claims for these damages under ADEA.[55] Following this line of cases, we dismiss Ms. Miraballes's claims for compensatory damages for pain and suffering, punitive damages, and consequential damages on the surviving ADEA discrimination claim.

**D. We dismiss Ms. Miraballes' Pennsylvania state law claims because they are not ripe for our review.**

Ms. Miraballes sues Oak Street Health and its two employees under state law.[56] Defendants move to dismiss each of these state law claims, arguing they remain pending before the Pennsylvania administrative agency and are not ripe for our review.[57] Ms. Miraballes concedes she "will seek leave to amend this complaint to assert her" state "claims against the parties[.]"[58]

Ms. Miraballes alleges she filed her state law administrative remedies on December 9, 2019.[59] Ms. Miraballes can only bring her state law claims in federal court after one year has passed from filing with the state agency.[60] One year has not yet passed. We dismiss her state law claims without prejudice.

## III. Conclusion

We deny in part Oak Street Health's Motion to dismiss. Ms. Miraballes may proceed on her discrimination claim under the ADEA. We grant the Motion with respect to Ms. Miraballes's retaliation claim under the ADEA, claims for compensatory and punitive damages for emotional distress, and her unripe Pennsylvania claims without prejudice.

---

[1] These facts are drawn from Ms. Miraballes's amended Complaint and, for purposes of the Motion to dismiss, are taken as true. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

[2] ECF Doc. No. 12 at ¶¶ 2-3, 21.

[3] *Id.* at ¶ 27.

[4] *Id.* at ¶¶ 22-23.

[5] *Id.* at ¶ 24.

[6] *Id.* at ¶ 26.

[7] *Id.* at ¶¶ 25-26, 29.

[8] *Id.* at ¶¶ 30-31.

[9] *Id.* at ¶ 32.

[10] *Id.* at ¶ 8.

[11] *Id.* at ¶¶ 34-35.

[12] *Id.* at ¶¶ 6, 36.

[13] *Id.* at ¶ 37.

[14] *Id.* at ¶¶ 49-51.

[15] *Id.* at ¶¶ 38-39.

[16] *Id.* at ¶ 40.

[17] *Id.* at ¶ 42.

[18] *Id.* at ¶ 7.

[19] *Id.* at ¶ 43.

[20] *Id.* at ¶ 46.

[21] *Id.* at ¶ 47.

[22] *Id.* at ¶ 48.

[23] *Id.* at ¶¶ 10, 12.

[24] *Id.* at ¶ 11.

[25] *Id.* at ¶ 13.

[26] *Id.* at ¶¶ 16-17.

[27] Federal Rule of Civil Procedure 12(b)(6) requires a complaint to state a claim upon which relief can be granted. Fed. R. Civ. P. (12)(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir.

2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Bos. MBS ARMT 2005-8*, No. 18-1718, 2020 WL 1514764, at *2 n.5 (3d Cir. Mar. 30, 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)).

"A claim has facial plausibility when the plaintiff pleads factual content . . . allow[ing] the court to draw the reasonable inference . . . the defendant is liable for the misconduct alleged." *Robert W. Mauthe M.D., P.C. v. Spreemo, Inc.*, No. 19-1470, 2020 WL 1492987, at *2 (3d Cir. Mar. 25, 2020) (quoting *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017)). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility . . . a defendant has acted unlawfully." *Riboldi v. Warren Cty. Dep't of Hum. Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Id.* at *1 (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878-79 (3d Cir. 2018)). Our Court of Appeals instructs us to use a three-step analysis for 12(b)(6) claims. First, we "must take note of the elements the plaintiff must plead to state a claim"; next, we should identify allegations not entitled to the assumption of the truth because they are no more than conclusions; last, "when there are well-pleaded factual allegations," we "should assume their veracity and . . .determine whether they plausibly give rise to an entitlement to relief." *In re Synchronoss Techs., Inc. Sec. Litig.*, No. 17-2978, 2020 WL 2786936, at *4 (D.N.J. May 29, 2020) (quoting *Connelly v. Lane Constr. Corp*, 809 F.3d 780, 787 (3d Cir. 2016)).

[28] *Id.* at 14.

[29] ECF Doc. No. 15 at 4-7. She also alleges age discrimination, retaliation, and aiding and abetting an unlawful employment practice under state law against Oak Street, all Defendants and age discrimination, retaliation and aiding and abetting an unlawful employment practice under city administrative ordinance against all Defendants.

[30] ECF Doc. No. 14-1 at 8.

[31] ECF Doc. No. 15 at 4-7.

[32] *Drummer v. Tr. of Univ. of Pa.*, 286 F. Supp. 3d 674, 681 (E.D. Pa. 2017).

[33] Oak Street Health argues Ms. Miraballes fails to establish she was "qualified" for the position she held with Oak Street Health but does not offer support for this assertion. ECF Doc. No. 14-1 at 9. Ms. Miraballes alleges Oak Street Health (2) offered her a $10,000 promotion one month before her termination and (2) praised her for her work at least once. Ms. Miraballes plausibly alleged she is qualified for the position of Outreach Associate. *See Cellucci v. RBS Citizens, N.A.*, 987 F. Supp. 2d 578, 589-90 (E.D. Pa. 2013).

---

[34] ECF Doc. No. 14-1 at 8-13.

[35] *Drummer*, 286 F. Supp. 3d at 681 (citations and quotations omitted).

[36] *Warfield v. Septa*, 460 F. App'x 127, 130 (3d Cir. 2012) (citations and quotations omitted).

[37] ECF Doc. No. 14-1 at 11-13.

[38] 216 F. Supp. 3d 535, 542-43 (E.D. Pa. 2016).

[39] *Id.*

[40] *Id.* at 543.

[41] *Johnson v. Del. Cty. Juv. Det. Ctr.*, No. 11-1166, 2012 WL 895507, at *9 (E.D. Pa. Mar. 16, 2012).

[42] ECF Doc. No. 12 at ¶¶ 22-23, 26.

[43] *Id.* at ¶ 24.

[44] *Id.* at ¶¶ 37, 48.

[45] ECF Doc. No. 14-1 at 13-14.

[46] *Fasold v. Justice*, 409 F.3d 178, 188 (3d Cir. 2005).

[47] ECF Doc. No. 14-1 at 13-14.

[48] *Zielinski v. Whitehall Manor, Inc.*, 899 F. Supp. 2d 344, 354 (E.D. Pa. 2012) (citing *Barber v. CSX Distribution Servs.*, 68 F.3d 694, 702 (3d Cir. 1995)).

[49] *Gavurnik v. Home Props., L.P.*, 227 F. Supp. 3d 410, 420 (E.D. Pa. 2017) (quoting *Kier v. Lackland & Sons, LLC*, 72 F. Supp. 3d 597, 616 (E.D. Pa. 2014)).

[50] 899 F. Supp. 2d at 354; *see also LeBlanc v. Hill School*, No. 14-1674, 2015 WL 144135, at *14 (E.D. Pa. Jan. 12, 2015) (finding plaintiff alleged protected activity where she sent her employer a letter specifically claiming discrimination based on plaintiff's sex and age).

[51] 776 F.3d 181, 195 (3d Cir. 2015).

[52] ECF Doc. No. 12 at ¶¶ 38, 40.

[53] ECF Doc. No. 14 at 14.

[54] No. 18-4630, 2019 WL 2766588, at *4 (E.D. Pa. June 28, 2019).

[55] *See Bruno v. W. Elec. Co.*, 829 F.2d 957, 966-67 (10th Cir. 1987) (collecting appellate cases denying punitive damages in ADEA cases); *McGehean v. AF & L Ins. Co.*, No. 09-01792, 2009 WL 1911618, at *1-2 (E.D. Pa. June 30, 2009) (dismissing claims for compensatory damages for pain and suffering and punitive damages under the ADEA and collecting appellate cases denying such damages in ADEA cases).

[56] ECF Doc. No. 12 at ¶¶ 75-95.

[57] ECF Doc. No. 14-1 at 14-15.

[58] ECF Doc. No. 12 at ¶¶ 16-18, 76-77, 79-80, 82-83, 86-87, 90-91, 94-95.

[59] *Id.* at ¶ 10.

[60] *Dean v. Phila. Gas Works*, No. 19-04266, 2019 WL 6828607, at *4 (E.D. Pa. Dec. 12, 2019) ("[W]hen a claimant files a discrimination claim with the Pennsylvania Human Relations Commission, the PHRC has exclusive jurisdiction over the claim for one year; a complainant may not file a lawsuit during that period.") (citing 43 Pa. Con. Stat. § 962(c)(1)).